IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Derrick Quinn, | ) |
| | ) Civil Action No. 7:18-cv-01900-TMC |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| Copart, Inc. | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on Defendant's Motion to Dismiss (ECF No. 6) and Plaintiff's Motion for Summary Judgment (ECF No. 9). Plaintiff's complaint alleges employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA").[1] Both parties are represented by counsel. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the court grant Defendant's Motion to Dismiss and deny Plaintiff's Motion for Summary Judgment. (ECF No. 33). The magistrate judge notified the parties of their right to file objections to the Report. *Id.* at 7. Plaintiff filed timely objections to the Report

---

[1] Notably, the Plaintiff's complaint does not mention the ADEA. Instead, Plaintiff alleges "Employment Discrimination Based on Title VII- Age." (ECF No. 1-1 at 7). As the magistrate judge correctly pointed out, Title VII does not provide a cause of action for discrimination based on age. (ECF No. 33 at 1 n.1). In an abundance of caution, the magistrate judge noted that the ADEA, which does provide for a cause of action for discrimination based on age, has the same requirement that a litigant must file a civil action within ninety days of the notice of right to sue. (ECF No. 33 at 3 n.3) (citing 29 U.S.C. § 626(e)).

1

(ECF No. 34), and Defendant did not file objections. Defendant responded to Plaintiff's objections. (ECF No. 36). The time for objections has now run, and the matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## I. BACKGROUND

Plaintiff filed a summons and complaint in the Spartanburg County Court of Common Pleas on September 11, 2017. (ECF No. 1-1 at 4 - 9). Thereafter, Plaintiff served the summons and complaint on Defendant through Defendant's Registered Agent on June 13, 2018. (ECF No. 1-1 at 2, 11). Defendant filed its Notice of Removal with this court on July 12, 2018. (ECF No. 1). On July 19, 2018, Defendant filed a Motion to Dismiss. (ECF No. 6). Plaintiff responded to this motion (ECF No. 10), and Defendant replied (ECF No. 19). On August 1, 2018,

Plaintiff filed a Motion for Summary Judgment. (ECF No. 9). Defendant responded to this motion (ECF No. 18), and Plaintiff replied (ECF No. 25).

## II. LAW AND ANALYSIS

Defendant argues that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Defendant contends Plaintiff "fail[ed] to commence the action in a timely manner as required by Rule 3(a) [of the] South Carolina Rules of Civil Procedure." (ECF No. 6). As noted above, this action was originally filed in state court, and, accordingly, the service of the summons and complaint is required to be in compliance with South Carolina Rules of Civil Procedure. *See, e.g., Rice v. Alpha Sec., Inc.*, 556 Fed. App'x 257, 257 (4th Cir. 2014) (applying Virginia law as to whether or not service of process was proper when the case was filed in state court and then removed to federal court); *Seabrooks v. Aiken Cty.*, No. 1:15-cv-04235-JMC, 2016 WL 4394275, at *2 (D.S.C. Aug. 18, 2016) ("When service of process is attempted prior to removal of the action to the District Court, the state rules for service of process govern.").

Under South Carolina law,

> A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.

Rule 3(a), SCRCP.

As the magistrate judge noted, Plaintiff filed its summons and complaint in the Spartanburg Court of Common Pleas on September 11, 2017. (ECF No. 33 at 4). However, Plaintiff did not serve Defendant with the summons and complaint until June 15, 2018, (ECF Nos. 6-2 at 11; 10 at 2; 33 at 4), which was 277 days after the summons and complaint were filed in state court. Accordingly, the magistrate judge recommends dismissal for insufficient service to process because actual service was not timely, and, therefore, the action was never properly "commenced" in state court. (ECF No. 33 at 3, 5).

In his objections, Plaintiff argues that the ninety-day period in which a litigant must file suit after receiving notice of right to sue under Title VII of the Civil Rights Act of 1964 and under the ADEA is not a "statute of limitations." (ECF No. 34 at 3). Therefore, it seems that it is Plaintiff's position that Rule 3 of the South Carolina Rule of Civil Procedure is inapplicable.

A statute of limitations, by definition, is a "law that bars claims after a specified period, specifically a statute establishing a time limit for suing in a civil case . . . ." *Statute of Limitations*, Black's Law Dictionary (10th ed. 2014). Notably, "[a] claimant who fails to file a complaint within the ninety-day statutory period mandated by Title VII, 42 U.S.C. § 2000e-5(f) (1994), and the ADEA, 29 U.S.C. § 626(e) (1994), generally forfeits [his] right to pursue [his] claims." *Birch v. Peters*, 25 Fed. App'x 122, 122 (4th Cir. 2001) (citing *Baldwin Cty. Welcome*

*Ctr. v. Brown*, 466 U.S. 147, 149 – 51 (1984)); *see also Mann v. Stand. Prods., Inc.*, 532 Fed. App'x 417, 418 (4th Cir. 2013) (affirming dismissal of case when claimant failed to file complaint within the ninety days); *Angeles v. Dollar Tree Stores, Inc.*, 494 Fed. App'x 326, 222 (4th Cir. 2012) (affirming dismissal of a case where claimant failed to file complaint within the ninety days).

Furthermore, in several unpublished opinions, the Fourth Circuit Court of Appeals has specifically referred to this ninety-day period as a "statute of limitations." *See Mann,* 532 Fed. App'x at 418 (referring to the period as the "ninety-day statute of limitations period for Title VII actions"); *Angeles*, 494 Fed. App'x at 329 (referring to the time in which a Title VII complaint must be filed as a "statute of limitations period" and a "limitations period"). Recently, in *Burris v. CSX Transportation Company, Incorporated*, a court in the District of South Carolina treated the ninety-day limit as a "statute of limitations" and dismissed the claimant's ADEA and Title VII claims because, while the claimant filed the case within the ninety-day provision, the claimant did not serve the defendant until 266 days later. *Burris*, No. 4:17-cv-2681-RBH-TER, 2018 WL 1701979, at *3 (D.S.C. Mar. 14, 2018), *adopted by* 2018 WL 1697298 (D.S.C. Apr. 6, 2018).

The court finds these cases persuasive. Accordingly, the court overrules Plaintiff's objection that the ninety-day period in which a litigant must file a Title VII or AEDA claim after receiving a notice of right to sue is not a "statute of

limitations," and that, therefore, Plaintiff is not bound by the time limits in Rule 3 of the South Carolina Rules of Civil Procedure. Additionally, the court notes that even if it agreed with Plaintiff's objection, Plaintiff's claims ultimately would have been subject to some statute of limitation under South Carolina law. *See* S.C. Code Ann. §15-3-20(A). Specifically, in the absence of a statute of limitation within the AEDA or Title VII statute, such claims would be subject to a three-year limitation pursuant to S.C. Code Annotated § 15-3-530(2). However, regardless of what the specific time frame of the statute of limitations was, after Plaintiff filed the summons and complaint, Plaintiff had 120 days to serve such documents on the Defendant. *See* Rule 3, SCRCP. However, Plaintiff failed to do so. Therefore, regardless of the applicable statute of limitations, Plaintiff's service on Defendant 277 days after the filing of the summons and complaint was untimely, and, in effect, the state court case was not properly commenced. *See* Rule 3, SCRCP; S.C. Code Ann. § 15-3-20 (B).

### III. CONCLUSION

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 33) and incorporates it herein. Accordingly, Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**. Additionally, because the case is subject to dismissal, Plaintiff's Motion for Summary Judgment (ECF No. 9) is **DENIED AS MOOT**.

While ordinarily dismissal for ineffective service of process is without prejudice, here, such designation would be futile because more than ninety days has passed since Plaintiff was issued a notice of right to sue, and, therefore, such claims would be time-barred. *See Birch v. Peters*, 25 Fed. App'x 122, 122 (4th Cir. 2001) ("A claimant who fails to file a complaint within the ninety-day statutory period mandated by Title VII, 42 U.S.C. § 2000e-5(f) (1994), and the ADEA, 29 U.S.C. § 626(e) (1994)," absent some reason for tolling the time, "forfeits [his] right to pursue [his] claims." (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 – 51 (1984)). Therefore, this case is **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

                                                               s/Timothy M. Cain
                                                               Timothy M. Cain
                                                               United States District Judge

December 11, 2018
Anderson, South Carolina